UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE WILLIAMS,

    Petitioner,

v.                                    Case Number: 11-cv-13359
                                      HON. AVERN COHN

SHIRLEE HARRY,

    Respondent.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. On August 2, 2011, Ronnie Williams (Petitioner), a state prisoner, filed this *pro se* petition. Petitioner appears to be challenging his conviction for possession of heroin. However, the Court cannot discern, with any certainty, the grounds on which habeas relief is sought. Additionally, to the extent any claims can be discerned, it is not clear that they have been presented in the state courts, and therefore appear to be unexhausted. Under these circumstances, the petition will be dismissed without prejudice.

### II. Discussion

### A.

Rule 4, Rules Governing Section 2254 Cases, provides that a district court may enter an order for the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." A petition may be summarily dismissed

where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).

## B.

The petition is subject to dismissal under Rule 4. Much of the petition is barely legible, and the parts that are legible are confused and rambling. The issues raised are not clearly set forth. Additionally, Petitioner attaches several "exhibits," which appear to be (1) a one-page excerpt from a trial transcript, (2) a policy directive, and (3) three prior state-appellate courts' orders which appear to be from Petitioner's state court appeal. The relevance of these exhibits is not explained. Based upon Petitioner's vague and confusing petition, the Court cannot determine the grounds upon which Petitioner seeks habeas relief. The petition, therefore, is subject to summary dismissal on this ground.

Alternatively, the petition is subject to summary dismissal on exhaustion grounds. A federal court may not grant habeas relief to a state prisoner unless the prisoner first exhausts his or her remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). To the extent that Petitioner's claims, the substance of which is not clear, have not previously been raised, they are unexhausted and subject to dismissal.

## III. Conclusion

Accordingly, for the reasons stated above, the petition is **DISMISSED WITHOUT PREJUDICE**.

Furthermore, reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1]  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED**.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2011

I hereby certify that a copy of the foregoing document was mailed to Ronnie Williams, 118714, Pugsley Correctional Facility, 7401 East Walton Road, Kingsley, MI 49649 on this date, August 10, 2011, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.